**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SPENCER RUCH, | Case No. 1:19-cv-430 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| DUKE ENERGY OHIO, INC., | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

On August 1, 2019, Plaintiff Spencer Ruch filed this employment disability discrimination action against Duke Energy Ohio, Inc. (Doc. 1).  In March 2021, Plaintiff's attorney moved to withdraw based upon a failure of Plaintiff to respond to counsel's multiple attempts to communicate with him. (Doc. 13 at 1).  Despite having been given notice, Plaintiff did not appear at the telephone conference set for the motion to withdraw, which motion was granted. (Doc. 16).

In the order permitting withdrawal, the Court directed Plaintiff to provide notice of his intent to proceed pro se or, alternatively, to have new counsel enter an appearance by April 14, 2021. *Id.*  When Plaintiff failed to comply with that directive, the Court issued an "Order to Show Cause," affording Plaintiff until May 14, 2021 to state his intention to proceed pro se or to show cause "why this case should not be dismissed with prejudice for failure to prosecute." (Doc. 17 at 2).  The April 26, 2021 Order expressly warned Plaintiff that his continued failure to comply "will result in a Report and Recommendation

that recommends dismissal of Plaintiff's case." (Doc. 17 at 2).

The deadline set forth in the Court's last order has passed with no responsive filing by Plaintiff. District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108,109 (6th Cir. 1991). Though Plaintiff presently is presumed to proceed pro se, no less an authority than the Supreme Court has stated: "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Because Plaintiff has failed to prosecute his case and has given no indication that he will do so in the future, **IT IS RECOMMENDED THAT** this case be **DISMISSED WITH PREJUDICE**.

                                               <u>s/ Stephanie K. Bowman</u>
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SPENCER RUCH, | Case No. 1:19-cv-430 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| DUKE ENERGY OHIO, INC., | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b)(2), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).